NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN SIMON, as Authroized Representative for the Marvin Simon Trust, as amended, for Palm Investors, LLC and for the Jeffrey Markman 1993 Irrevocable Trust, MARILYN SIMON, CLAUDE HARRIS, ANN HARRIS, BEN SIMON, HEIDI SIMON, BRITT SIMON, KIM FINK, ANDREW FINK, AMY GOLDBERG, STEFAN RESSING, Individually and as Trustee of the S. Ressing 1999 Trust, FITZROY VENTURES, LLC, MICHAEL LE, Individually and as Trustee of the ML Le 1999 Trust, and MACKENZIE VENTURES LLC,<br><br>            Plaintiffs,<br><br>            v.<br><br>KPMG LLP and SIDLEY AUSTIN BROWN & WOOD LLP, f/k/a BROWN & WOOD, LLP,<br><br>            Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-3189 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Thomas Becnel, the Becnel Family Trust, CST Trust, BCTS LLC, and Jardine Ventures LLC (the "Arkansas Plaintiffs") to intervene in this case and to stay the action until resolution of an emergency motion in a similar action pending before the United States District Court for the Western District of Arkansas.  No oral

argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of all parties, it is the finding of this Court that the Arkansas Plaintiffs' motion to intervene is **granted** and their motion to stay is **denied as moot**.

## I. BACKGROUND

This proposed class action was filed by Plaintiffs Marvin Simon, Marilyn Simon, Claude Harris, Ann Harris, Ben Simon, Heidi Simon, Britt Simon, Kim Fink, Andrew Fink, Amy Goldberg, Stefan Ressing (Individually and as Trustee of the S. Ressing 1999 Trust), Fitzroy Ventures LLC, Michael Le (Individually and as Trustee of the ML Lee1999 Trust), and Mackenzie Ventures LLC ("Plaintiffs") on June 24, 2005, against Defendants KPMG LLP and Sidley Austin Brown & Wood LLP ("Defendants"). The Complaint alleges that Defendants, along with other non-party actors, engaged in a scheme to defraud Plaintiffs and others who purchased tax products which were sold under the names Offshore Portfolio Investment Strategy ("OPIS") and Bond-Linked Issue Premium Structure ("BLIPS").

On June 29, 2005, the Arkansas Plaintiffs filed the instant motion to intervene and stay the action pending resolution of a previously filed emergency motion in a related action proceeding before the U.S. District Court for the Western District of Arkansas. The Arkansas Plaintiffs have asserted substantially similar claims in this related action and argue that Plaintiffs and Defendants have colluded to settle the claims outside of the jurisdiction of the District Court in Arkansas. Plaintiffs and Defendants all oppose the Arkansas Plaintiffs' motion.

## II. DISCUSSION

### A. Motion to Intervene

Intervention is governed by Federal Rule of Civil Procedure 24. Pursuant to the Rule, a

party seeking to intervene in an action may do so either by right or by permission. Rule 24(a) provides in pertinent part: "upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 24(b) states in pertinent part: "upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The Arkansas Plaintiffs assert that intervention under either section is appropriate in this case. However, the Court disagrees that the Arkansas Plaintiffs have met the standards to grant intervention by right pursuant to Rule 24(a). A review of the submissions of all parties in connection with this motion offers no evidence that the Arkansas Plaintiffs' interests are not adequately represented by existing parties.

However, permissive intervention pursuant to Rule 24(b) is warranted if the Arkansas Plaintiffs are able to demonstrate that their claims have questions of law and fact in common with the main action. The Court finds that the Arkansas Plaintiffs have made a timely motion to intervene and have asserted substantially the same claims relating to OPIS and BLIPS as Plaintiffs have asserted in the instant action. Additionally, at this early stage in the litigation, the Court finds no undue prejudice or delay will affect the rights of the existing parties. Accordingly, the motion to intervene is granted.

**B. <u>Motion to Stay</u>**

On August 9, 2005, the District Court for the Western District of Arkansas (Dawson, U.S.D.J.) denied the Arkansas Plaintiffs' emergency motion.  As such, both Plaintiffs and Defendants argue that the Arkansas Plaintiffs' motion for a stay of this action pending resolution of the emergency motion is now moot.  However, the Arkansas Plaintiffs assert that they intend to file a motion for reconsideration before the Arkansas District Court, and beyond that an interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f).  The Arkansas Plaintiffs contend that this action should be stayed pending a final resolution of their emergency motion.  The Court agrees that the motion to stay is now moot, but in an abundance of caution will examine the merits of staying the action.

"There is no question that this court has the inherent power, in the exercise of a sound discretion, to stay an action pending before it." <u>Groves v. Insurance Co. of North America</u>, 433 F.Supp. 877, 885 (E.D.Pa.1977) (<u>quoting</u> <u>Landis v. North American Company</u>, 299 U.S. 248 (1936)).  However, "this does not mean that a party to a suit should be entitled to a stay in the proceeding merely because he is facing substantially identical litigation in another forum. There must be a pressing need or a clear case of hardship or inequity, before a court should stay proceedings before it so that litigation elsewhere may proceed to judgment." <u>Groves</u>, 433 F.Supp. at 885 (<u>quoting</u> 3 B. Moore's Federal Practice § 23.93 (1975)).  The party seeking the stay carries the burden to show that such an order is justified. <u>Id</u>.

Factors which bear on the determination whether a stay should be granted are: 1) whether the substantive and procedural rights of the non-moving party will be impaired if the stay is

granted; 2) the extent to which identical issues and parties are involved; 3) the relative ease of access to sources of proof; 4) the likelihood that one of the actions will reach an earlier conclusion; and 5) the comparative status of the dockets in the competing forums. Groves, 433 F.Supp. at 885 (citing Moore, supra, at § 23.93).

      In examining the facts surrounding both this action and the Arkansas action, it appears that granting a stay would impair the rights of both Plaintiffs and Defendants to proceed expeditiously with the action pending before this Court. Despite the Arkansas Plaintiffs' assertions to the contrary, they have cited no legal precedent to this Court that would prohibit or even discourage allowing the instant action to proceed. While they are quite vocal in expressing their displeasure with settlement negotiations between Plaintiffs and Defendants, as well as with the adequacy of representation by Plaintiffs' counsel, the Arkansas Plaintiffs have ignored the fact that any potential settlement will of course be reviewed by this Court on the issue of fairness pursuant to Federal Rule of Civil Procedure 23. As such, any concerns about the adequacy of the settlement and/or representation by Plaintiffs' counsel may be addressed and dealt with by this Court without need for entry of a stay.

      Additionally, though the Arkansas Plaintiffs contend "principles of comity, the promotion of judicial economy, the conservation of judicial resources and the avoidance of duplication and inconsistent judgments all weigh heavily in favor of a stay," this vague argument turns upon the imminent ruling of the Arkansas District Court. (Movant's Rep. Br. at 8.) As that ruling has already been issued, the argument has little merit. Indeed, in light of the fact that the Arkansas Plaintiffs are filing a motion to reconsider and/or an appeal of Judge Dawson's Order denying

their emergency motion, the Arkansas Plaintiffs cannot reasonably contend that the Arkansas action will likely reach an earlier conclusion.

In short, although it is clear that many identical issues and parties are involved in both actions, this Court sees no reason to stay the action pending the reconsideration and/or appeal of Judge Dawson's Order. The Arkansas Plaintiffs have failed to meet their burden for entry of a stay, namely that there exists a "pressing need or a clear case of hardship or inequity." Accordingly, the motion to stay is denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that the Arkansas Plaintiffs' motion to intervene is **granted**. Additionally, their motion to stay this action is **denied**. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date: August 16, 2005
Original: Clerk's Office
Cc: All Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File