UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| MARVIN SIMON, as Authorized Representative for The Marvin Simon Trust, as amended, for Palm Investors, LLC and for The Jeffrey Markman 1993 Irrevocable Trust, MARILYN SIMON, CLAUSE HARRIS, ANN HARRIS, BEN SIMON, HEIDI SIMON, BRITT SIMON, KIM FINK, AMY GOLDBERG, STEFAN RESSING, Individually and as Trustee of The S. Ressing 1999 Trust, FITZROY VENTURES, LLC, MICHAEL LE 1999 Trust, and MACKENZIE VENTURES, LLC,<br><br>    Plaintiff(s),<br><br>-vs-<br><br>KPMG LLP and SIDLEY AUSTIN BROWN & WOOD LLP, f/n/a/ BROWN & WOOD LLP,<br><br>    Defendant(s), | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Dennis M. Cavanaugh<br><br>Civil Action No. 05-3189 (DMC)<br><br><br><br><br><br>**OPINION** |

**THIS MATTER** coming before the Court upon Intervenor Mark Kottler's Motion to Disqualify Milberg, Weiss Bershad & Schulman LLP, alleging a conflict of interest, and the Court having conducted hearings on October 28, 2005, and October 31, 2005, and for the reasons set forth on the record and the findings made in this Supplemental Opinion, the Motion to Disqualify is **denied**.

In support of the disqualification application, the Intervenors relied upon the testimony of Mark Kottler. Mr. Kottler had been represented in an individual capacity by Milberg Weiss Bershad & Schulman (Milberg Weiss) prior to and during the settlement negotiations. The Court was not impressed with Mr. Kottler's testimony and finds portions to be not credible.

On direct examination Mr. Kottler contradicted claims he made pre-hearing in his declarations and during cross examination he made various admissions contrary to the claims made in support of his disqualification motion. The Court had an opportunity to observe the witness as well as his demeanor and is of the opinion that he is lacking in credibility. Accordingly, I am according little weight to his testimony.

In contrast, Milberg Weiss called two fact witnesses on this issue. Mr. Brad Friedman and Ms. Rachel Fleishman, attorneys with the Milberg Weiss firm. I found their testimony straight forward and believable. Reviewing the record as a whole, I find Mr. Kottler was indeed notified of the settlement discussions and in fact consented thereto.

Professor Moore, testifying as an expert on the conflict issue, acknowledged that it was not her place to assess credibility. Her expert opinion was based upon the facts supplied her through documentation submitted by attorneys for the Intervenors. Since I accord Mr. Kottler's testimony little weight on the critical issue of his knowledge and consent to Milberg Weiss's negotiations with KPMG, I reject Professor Moore's opinion with respect to these facts. Additionally, as stated on the record and from my independent review of the law, I am convinced that Judge Adams is correct as to <u>Lazy Oil's</u>[1] application to this case. On balance I find little or no prejudice to Mr. Kottler. As such, even if I were persuaded that a conflict existed and that Mr.

---

[1] *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581 (3d Cir. 1999).

Kottler lacked knowledge and did not give informed consent, which I do not, I would not disqualify Milberg Weiss. Simply stated, there has been no showing of prejudice to either Mr. Kottler or the Class.

Accordingly, the application to disqualify Milberg Weiss is **denied**. An appropriate Order will be entered.

Dated: November 3, 2005

/s/ Dennis M. Cavanaugh
**DENNIS M. CAVANAUGH**
**UNITED STATES DISTRICT JUDGE**

cc: All Parties
    Hon. Mark Falk, U.S.M.J.