NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN SIMON, as Authorized Representative For the Marvin Simon Trust, as amended, for Palm Investors, LLC and for the Jeffrey Markman 1993 Irrevocable Trust, MARILYN SIMON, CLAUDE HARRIS, ANN HARRIS, BEN SIMON, HEIDI SIMON, BRITT SIMON, KIM FINK, ANDREW FINK, AMY GOLDBERG, STEFAN RESSING, Individually and as Trustee of the S. Ressing 1999 Trust, FITZROY VENTURES, LLC, MICHAEL LE, Individually and as Trustee of the ML Lee 1999 Trust, and MACKENZIE VENTURES LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>KPMG LLP AND SIDLEY AUSTIN BROWN & WOOD LLP, f/k/a BROWN & WOOD, LLP,<br><br>          Defendants | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-3189 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Class Counsel/Plaintiffs to seal materials pursuant to Local Civil Rule 5.3(c)(3). No oral argument was held pursuant to Rule 78. For the following reasons, Class Counsel's motion to seal is **denied**.

I. BACKGROUND

On October 31, 2005, this Court granted preliminary approval to the proposed settlement of this action. (Preliminary Approval Order, October 31, 2005). Paragraph 19 of the Preliminary Approval Order requires that "Not later than forty-five (45) calendar days after the Mailed Notice

Date, Class Counsel shall file with the Court a Declaration stating the number and identity of Class Members who the Claims Administrator determined submitted a valid and timely Request for Exclusion." (Id. at ¶19).  Paragraph 58 of the Stipulation of Settlement provides that Class Counsel "shall file with the Court and serve upon Defendants a Declaration stating the number and identity of Opt-Outs." ("Opt-Out List"). (See Weiss Dec, Ex. A, ¶58).

On January 10, 2006, Class Counsel filed with the Court the Affidavit of Stephen J. Cirami, Assistant Vice President of the Garden City Group ("Cirami Affidavit").  Paragraph 10 of the Cirami Affidavit refers to the Opt-Out List, and the Opt-Out list was filed with the Cirami Affidavit.  Defendants were also served with a copy of the Opt-Out list.  On that same date, Class Counsel filed the instant motion, seeking an Order of the Court granting permission to file the Opt-Out List under seal.

## II. ANALYSIS

Pursuant to Local Civil Rules, any motion to seal shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.  Local Civil Rule 5.3(c)(2).  In evaluating a motion to seal, a Court is required to make findings on the factors set forth in (c)(2), as well as other findings by law.  Local Civil Rule 5.3(c)(5).

*A) Nature of the Materials or Proceedings at Issue*

The Court finds that Class Counsel sufficiently describes the nature of the materials at issue.  Class Counsel seeks to seal the Opt-Out List, referenced in paragraph 10 of the Cirami Affidavit.  The Opt-Out List consists of the number and identities of Class Members who the Claims Administrator has determined submitted a valid and timely Request for Exclusion from

the Class.

### B) *Legitimate Private or Public Interests Which Warrant the Relief Sought*

Class Counsel submits that legitimate private interests warrant the requested relief. Specifically, Class Counsel argues that publicly revealing the names of the Opt-Outs would result in revealing the personal financial and tax-planning decisions of persons who have decided not to participate in this action. Class Counsel avers that Opt-Outs should be entitled to maintain the confidentiality of their private financial and tax-planning decisions.

### C) *Injury*

Class Counsel is required to demonstrate the clearly defined and serious injury that would result if the relief sought is not granted. Class Counsel states that publicly revealing the names of the Opt-Outs will result in "the identification of a person who implemented one or more tax strategies." (Cirami Affidavit, ¶5.) Class Counsel also repeatedly states that the Opt-Out List reveals facts about the personal financial and tax-planning decisions of such persons.

The Court is not satisfied by Counsel's argument, and is hard-pressed to identify the serious injury that would result should the Opt-Out List be made public. The Opt-Out List includes the names of persons who have decided to Opt-Out. The list does not contain any personal financial details about those persons, such as the type of tax strategy they used or the amount of their investment. The information included is of a general nature and not they type of information entitled to the protection of the Court. Furthermore, Class Counsel has not presented any concrete examples of the harm that would result, instead relying on broad allegations about the problems of revealing private financial details. As such, the Court finds that Class Counsel has failed to demonstrate the likelihood of serious injury should the Opt-Out List be made public.

*D) Less Restrictive Alternative*

Local Civil Rule 5.3(c)(2) requires Class Counsel to describe why a less restrictive alternative to the relief sought is not available. Here, Class Counsel submits that its request for a sealing order is narrowly drawn and designed to protect only the identities of the taxpayers. Furthermore, it states that the Preliminary Approval Order does not require the identities of the Class Members requesting exclusion be made public.

The Court recognizes Class Counsel's efforts to limit the scope of the sealing order. Nevertheless, because the Court is not satisfied that a sealing order is appropriate in this situation, this factor does not weigh upon its decision.

### III. CONCLUSION

In light of the above, it is the finding of the Court that Class Counsel has not satisfied the standards required to seal materials under Local Civil Rule 5.3(c). Therefore, Class Counsel's motion to seal is **denied**.

                                              S/ Dennis M Cavanaugh
                                              DENNIS M. CAVANAUGH, U.S.D.J.

Date:         February 23, 2006
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
                File