NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN SIMON, as Authorized Representative For the Marvin Simon Trust, as amended, for Palm Investors LLC and for the Jeffrey Markman 1993 Irrevocable Trust, MARILYN SIMON, CLAUDE HARRIS, ANN HARRIS, BEN SIMON, HEIDI SIMON, BRITT SIMON, KOM FINK, ANDREW FINK, AMY GOLDBERG, STEFAN RESSING, Individually and as Trustee of the S. Ressing 1999 Trust, FITZROY VENTURES, LLC, MICHAEL LEE, Individually and as Trustee of the ML Lee 1999 Trust, and MACKENZIE VENTURES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KPMG LLP and SIDLEY AUSTIN BROWN & WOOD LLP, f/k/a BROWN & WOOD LLP, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-3189 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant KPMG LLP's ("Defendant") motion to enjoin Plaintiff Tushar Dave ("Plaintiff") from pursuing his impending California state court lawsuit against Defendant. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this

Court that Defendant's motion to enjoin Plaintiff from pursuing his lawsuit is **granted** in part and **denied** in part.

I. **BACKGROUND**[1]

Defendant reached a class action settlement in connection with its sale of various tax shelters, including the Bond Linked Issue Premium Structure ("BLIPS") tax strategy. As part of this Court's Final Judgment, this Court permanently enjoined all class members who had not timely excluded themselves from the settlement class from bringing or pursuing individual claims against Defendant based on or related to facts and circumstances underlying the claims or causes of action in the class settlement. Plaintiff filed an action in California state court seeking damages related to his participation in the BLIPS tax strategy. Plaintiff stated that he was not provided proper notice of the settlement by Defendant and, thus, should not be bound by this Court's Final Judgment. In response, Defendant seeks an order to enforce this Court's Final Judgment and enjoin Plaintiff from pursuing his California state action. Plaintiff also alleges that an injunction is unnecessary and that he has malpractice claims that do not fall under the terms of the Final Judgment.

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

**II.     STANDARD OF REVIEW**

Fed. R. Civ. P. 60(b), which governs relief from a final judgment, states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

Fed. R. Civ. P. 60(b)(3). Furthermore, whether malpractice claims are barred is a function of whether the causes of action were alleged in the former action and, furthermore, if they arise out of the same subject matter. See Hendler v. Wohlstetter, 411 F.Supp 919 (D.C.N.Y. 1975).

**III.    DISCUSSION**

   A.     Fed R. Civ. P 60 (b) Claim

Plaintiff asserts that he was not given proper notice as per the terms of the class action settlement and so he should, therefore, not be bound by this Court's Final Judgment. Defendant issued notice to all class members twice, once on November 7, 2005 and again on March 30, 2006, by mail. Notices of the settlement were also published in the Wall Street Journal, the New York Times and the Newark Star-Ledger. Plaintiff asserts that he never received notice and that the failure of notice directly resulted from Defendant failing to provide notice as represented to this Court in the settlement approval proceedings. Plaintiff argues this on the grounds that his attorney, William Bonano, Esq., never received notice of the proceedings and that Defendant represented to this Court that it had provided notice to all class members and identified counsel. Essentially, Plaintiff argues that, due to earlier dealings with Bonano, Defendant should have

3

known that Bonano was an attorney "known to represent" a class member. Plaintiff cites Fed. R. Civ. P. 60(b)(3) as his basis for relief, claiming that the Final Judgment of this Court is based on Defendant's extraordinary misrepresentation of notice.

This Court rejects Plaintiff's argument. This Court has already found, in the Final Judgment, that the notice Defendant provided to class members was sufficient under Fed. R. Civ. P. 23(c)(2). Plaintiff's assertion of a claim of improper notice is too late. Even if this was not the case, notice was both sufficiently and properly effected. Actual notice is not required to bind a class member to a settlement. See Phillips Petroleum Co. v. Irl Shutts, 472 U.S. 797 (1985). Notice is presumed delivered once mailed to the correct address, as it was in this case. See Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1486 (D.C. Cir. 1992). Defendant met its burden of notice under the Final Judgment. Defendant provided Plaintiff with multiple forms of notice. The mere fact that Plaintiff's attorney never received notice is insufficient to grant Plaintiff relief under Fed. R. Civ. P. 60(b)(3).

Plaintiff further asserts that an injunction is unnecessary because Defendant may raise the class settlement as a bar to Plaintiff's California state court claim. This Court, however, has retained jurisdiction over all involved parties for the purpose of enforcing its Final Judgment and injunction. The All-Writs Act and Anti-Injunction Act give this Court the authority to enforce its injunction barring Plaintiff from re-litigating claims resolved by the Final Judgment. See, e.g., In re Prudential Ins. Co., Civ. No. 95-4704, 2007 U.S. Dist. LEXIS 71909 at *7 (D.N.J. Sept. 25, 2007).

### B. Malpractice Claims

Plaintiff also asserts that he retains malpractice claims in his California state action that are unrelated to his participation in the BLIPS tax strategy. Defendant cites no reason why these claims should be barred and indeed concurs that, if they are malpractice claims unrelated to the Final Judgment, they are permissible. Under Wohlstetter, these claims do not arise out of the same subject matter because, while relating to Plaintiff's capital gains tax dealings with Defendant, the claims themselves do not involve the BLIPS tax strategy or any of the other named tax strategies in the settlement. They do not relate, directly or indirectly, to BLIPS. Therefore, they are not sufficiently related to the claims of the class action. *Res judicata* and this Court's Final Judgment do not bar Plaintiff from asserting these claims in California state court.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to enjoin Plaintiff from pursuing his impending California state court lawsuit against Defendant is **granted** in part and **denied** in part. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     July   2  , 2008
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File

5